UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
ERNESTO OLIVO,

                Plaintiff,

      -against-

JOHN or JANE DOE, Central Office Medical
Designator; JOHN or JANE DOE, Chief of Health
Programs; and JOHN or JANE DOE, MDC P.A.,

                Defendants.
---------------------------------------------------------------x

NOT FOR PUBLICATION

MEMORANDUM AND ORDER

20-CV-231 (RPK)

RACHEL P. KOVNER, United States District Judge:

       On October 7, 2019, plaintiff Ernesto Olivo, who is currently incarcerated in Rochester, Minnesota, filed this *pro se* civil rights action in the United States District Court for the Southern District of New York. A judge in the Southern District granted plaintiff's application to proceed *in forma pauperis*. The judge then directed plaintiff to file an amended complaint setting out facts establishing that the Southern District was the proper venue for his lawsuit. After plaintiff filed an Amended Complaint explaining that the events described in his original Complaint occurred when he was being transferred to and from the Metropolitan Detention Center ("MDC") in Brooklyn, New York, the Southern District judge transferred plaintiff's action to this Court. For the reasons that follow, plaintiff's Amended Complaint is dismissed, and plaintiff is granted leave to file a Second Amended Complaint within 30 days of this Order. Plaintiff's failure to file a Second Amended Complaint within 30 days will result in dismissal of this case.

## BACKGROUND

       The following allegations are taken from the Amended Complaint and are assumed to be true for purposes of this Order. Plaintiff is disabled and used a wheelchair when he was detained

at the MDC in or about 2014 and 2015. On multiple occasions during that period, plaintiff was transported to court appearances in the Southern District and to medical appointments in vehicles that did not accommodate his disabilities. On some occasions, he was removed from his wheelchair and placed on the floor of the vehicle. As a result, he suffered injuries—including spinal injuries, wounds, and ulcers—as well as emotional distress and anxiety. Some of these injuries required surgery to repair. Plaintiff complained to the United States Marshals Service and to unidentified medical staff at the MDC.

Plaintiff's original Complaint named as defendants John/Jane Doe officials at the Bureau of Prisons ("BOP") and the United States and asserted claims under the Federal Tort Claims Act ("FTCA"). The Amended Complaint names as defendants two John/Jane Doe officials at the BOP and a John/Jane Doe official at the MDC. It asserts claims under the Eighth and Fourteenth Amendments and does not assert a claim under the FTCA. Plaintiff seeks injunctive relief on behalf of detainees with disabilities and unspecified monetary compensation.

## DISCUSSION

### A. Standard of Review

When a prisoner files a civil suit seeking redress from a governmental entity or from government officers or employees, the district court must "dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). A district court is similarly obligated to dismiss any case brought *in forma pauperis* if the court determines that the complaint "is frivolous or malicious," that it "fails to state a claim on which relief may

be granted," or that it "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

To avoid dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 555.

When a court applies these standards to a *pro se* litigant's complaint, the complaint must be "liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Moreover, if a "liberal reading of the complaint gives any indication that a valid claim might be stated," the plaintiff should be given an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)); *see Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009).

**B.  Constitutional Claims**

Plaintiff alleges in his Amended Complaint that the defendants violated his rights under the Eighth and Fourteenth Amendments. Plaintiffs may recover damages from federal officers for some constitutional violations under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), even in the absence of a statute creating a damages remedy. *Carlson v. Green*, 446 U.S. 14, 18 (1980). *Bivens* claims, however, may be brought only against

3

individuals who are personally responsible for an alleged deprivation of constitutional rights. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994). That is, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Plaintiff's Amended Complaint fails to state a claim under that standard, even when liberally construed. Plaintiff names as defendants two supervisory prison officials—one identified as the central office medical designator in Washington, D.C., and another identified as the chief of health programs in Washington, D.C.—as well as an individual identified as a "P.A." at the MDC. But while plaintiff alleges that he was transferred to and from the MDC in vehicles that did not accommodate his disabilities, he does not set out facts demonstrating what role, if any, the defendants played in the transfers.

Nor does the Amended Complaint, liberally read, contain facts that would support the reasonable inference that the defendants are responsible as supervisors for any improper conduct by the transferring officers. At minimum, a plaintiff seeking to recover damages from a supervisor under *Bivens* must allege that the defendant directly participated in the violation, "failed to remedy" a constitutional violation of which he had been informed, "created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom," "was grossly negligent in supervising subordinates who committed the wrongful acts," or "exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring." *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). After *Iqbal*, the grounds for supervisory liability may be even narrower. *See Reynolds v. Barrett*, 685 F.3d 193, 205 n.14 (2d Cir. 2012) (reserving judgment on that

question).  Here, the Amended Complaint does not set out factual allegations that would establish the defendants' supervisory liability, even under the pre-*Iqbal* standards in *Colon*.

Mindful of plaintiff's *pro se* status, the Court grants plaintiff leave to file a Second Amended Complaint remedying these deficiencies.  If plaintiff files such a complaint, he must include a "brief description" of what each individual defendant "did or failed to do, and how each defendant's act or omission caused him injury."  *Gonzalez v. Shahnoon*, No. 15-CV-2961, 2015 WL 6118528, at *5 (E.D.N.Y. Oct. 16, 2015); *see Griffin v. Doe*, 71 F. Supp. 3d 306, 313 (N.D.N.Y. 2014).

## C.  The Federal Tort Claims Act

The FTCA waives sovereign immunity and permits some suits for damages against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1).  In order to bring a claim under the FTCA, a claimant must first exhaust his administrative remedies by filing a tort claim with the relevant federal agency, such as the BOP, *see* 28 U.S.C. § 2675(a), and he must name the United States as the defendant, *see* 28 U.S.C. § 2679(a), (b)(1).  Plaintiff's original Complaint contained a claim under the FTCA, but his Amended Complaint does not.  Plaintiff is advised that an amended complaint completely replaces all prior complaints.  Should plaintiff still wish to bring a claim under the FTCA, he must reassert his allegations under the FTCA in the Second Amended Complaint and name the United States as a defendant.

## **CONCLUSION**

The Amended Complaint is dismissed pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B). Plaintiff has 30 days to file a revised complaint. The new complaint must be captioned "Second Amended Complaint" and bear the same docket number as this Order. The complaint must, at a minimum, clarify what each individual defendant did or failed to do that violated plaintiff's constitutional rights. All further proceedings are stayed for 30 days. If plaintiff does not file a Second Amended Complaint within 30 days, judgment shall be entered dismissing the case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED

    /s/ Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated: Brooklyn, New York
       February 10, 2020