UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ERNESTO OLIVIO,

               Plaintiff,                           **MEMORANDUM AND ORDER**

        v.                                             20-CV-231 (RPK) (MMH)

UNITED STATES OF AMERICA, JOHN OR
JANE DOE, *Metropolitan Detention Center
P.A.*, JOHN OR JANE DOE, *Central Office
Medical Designator*, and JOHN OR JANE
DOE, *Chief of Health Programs*,

               Defendants.
----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

      Pro se plaintiff Ernesto Olivio brings suit against the United States and three unnamed prison officials for injuries he allegedly suffered while being transported as an inmate at the Metropolitan Detention Center ("MDC"). Olivio brings a Federal Tort Claims Act ("FTCA") action against the United States and a *Bivens* action against the John or Jane Doe defendants. For the reasons that follow, Olivio's claims are dismissed.

## BACKGROUND

      The following facts are drawn from the Olivio's three complaints and his administrative claim. *See* Compl. (Dkt. # 2); Am. Compl. (Dkt. # 6); Second Am. Compl. (Dkt. # 12).* Olivio is a paraplegic. Compl. 1. On two occasions, he suffered injuries because he was transported in

---

* Olivio's original complaint alleged that he had exhausted his administrative remedies. *See* Compl. 2. Accordingly, his administrative complaint is incorporated by reference. *See Abiuso v. Donahoe*, No. 12-CV-1713 (JFB) (AKT), 2015 WL 3487130, at *3 (E.D.N.Y. June 3, 2015) (explaining that courts may consider, under Rule 12(b)(6), "documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference" and "documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint").

1

government vehicles unsuitable for a person with his condition. *See* SF-95 Admin. Claim ("Admin. Claim") (Dkt. # 23-1) 3; Compl. 1-2; Second Am. Compl. 2.

In a letter postmarked July 11, 2018, Olivio submitted an administrative claim. Admin. Claim 5. As relevant here, the administrative claim alleged that the U.S. Marshals transported him from the MDC to Manhattan and back in a vehicle for his sentencing on May 25, 2015. *Ibid.* Olivio alleged that he suffered injuries because the vehicles were inadequately equipped for his paraplegia. *See* SF-95 Admin. Claim 3; Compl. 1. On March 1, 2019, Olivio's administrative claim was denied as untimely because it was received more than two years after his cause of action accrued. *See* Denial Letter (Dkt. # 23-2) 1.

Olivio filed this lawsuit on October 7, 2019, in the United States District Court for the Southern District of New York. *See* Compl. In his original complaint, Olivio alleged that the United States and two unknown Bureau of Prison ("BOP") defendants negligently failed to certify Form BP § 5659.060—a form that would have certified that Olivio was medically stable—before transferring him to and from the courthouse and various medical appointments. Compl. 1-2. Because of this failure, Olivio was not transported in a special handicapped vehicle, and he suffered injuries. *Ibid.* Olivio further claimed that he had exhausted his administrative remedies before bringing suit. *Ibid.*

On December 3, 2019, a judge in the Southern District of New York directed Olivio to amend his complaint to provide information sufficient to determine the proper venue for his action. *See* Dkt. # 5. Three weeks later, Olivio filed an amended complaint. The amended complaint removed the United States as a defendant. Instead, it named as defendants three BOP officials: "John or Jane Doe, Central Office Medical Des[ig]nator," "John or Jane Doe, Chief of Health Programs," and "John or Jane Doe, MDC PA." Am. Compl. The amended complaint clarified

2

that the events at issue occurred while Olivio was detained at the MDC on or about 2014 and 2015. *Id.* 5.

Olivio's lawsuit was transferred to this District. *See* Dkt. # 8. On February 10, 2020, this Court dismissed Olivio's amended complaint for failure to state a claim. *See* Mem. & Order (Dkt. # 11). The Court explained that Olivio had failed to adequately allege that the defendants directly participated in the violation of his rights, as required for a *Bivens* action. *Id.* 3-5. Olivio was granted leave to file a second amended complaint. *Id.* 6. The Court explained that any amended complaint "must include a 'brief description' of what each individual defendant 'did or failed to do, and how each defendant's act or omission caused him injury.'" *Id.* 5. (citations omitted).

Olivio filed a second amended complaint on March 11, 2020. *See* Second Am. Compl. In it, Olivio reasserts his FTCA claim against the United States. *Id.* 2. Olivio also reasserts his Eighth Amendment claims against the same three unnamed BOP officials named in the first amended complaint. *Ibid.* He alleges that "although the [BOP] defendant[s] did not directly order his transfer they were responsible as supervisors for formulating, adopting, and reviewing BOP policies relating to the medical care to inmates[.]" *Ibid.* Olivio then states that the BOP defendants "directed and/or acquiesced" in his transfer. *Ibid.* Moreover, Olivio alleges that he "appeal[ed] for specialized transportation," but defendants ignored him. *Id.* 3. He states that none of the defendants filled out the form that would have put the U.S. Marshals on notice that Olivio required specialized transportation. *Ibid.*

The United States has moved to dismiss the complaint. *See* Dkt. # 21.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) directs a court to dismiss a complaint that "fail[s] to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint

3

must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial "plausibility standard is not akin to a probability requirement," but it requires a plaintiff to allege sufficient facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid*. (quotations omitted) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007)). "A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof [of the facts alleged] is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (quotations omitted).

At the motion-to-dismiss stage, the Court may consider only (i) the complaint itself, (ii) documents either attached to the complaint or incorporated in it by reference, (iii) documents the plaintiff relied on and knew of when bringing suit, and (iv) matters in the public record that are subject to judicial notice. *See, e.g.*, *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004); *Leonard F. v. Israel Discount Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999). Additionally, the Court may "consider factual allegations contained in a pro se litigant's opposition papers and other court filings" in "analyzing the sufficiency of a pro se pleading." *Rodriguez v. Rodriguez*, No. 10-CV-891 (LGS), 2013 WL 4779639, at *1 (S.D.N.Y. July 8, 2013) (citations and internal quotation marks omitted); *see Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013). The Court must accept all facts alleged in a complaint as true. *Iqbal*, 556 U.S. at 678. The Court, however, is not obligated to adopt "mere conclusory statements" or "threadbare recitals of the elements of a cause of action" that are not "supported by factual allegations." *Id*. at 678-79.

When a court applies these standards to a pro se litigant's complaint, the complaint must be "liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal

4

quotation marks and citations omitted). Moreover, if a "liberal reading of the complaint gives any indication that a valid claim might be stated," the plaintiff should be given an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)); *see Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009).

## DISCUSSION

Olivio's FTCA claim is dismissed because he failed to present his claim within the statutorily prescribed timeframe. And his *Bivens* claims are dismissed because he fails to adequately allege that defendants knew of and disregarded a substantial risk of harm to his health.

### I. Olivio's FTCA Claim Failed to Present His Claim Within the Statutory Timeframe.

Olivio's FTCA claim is barred because it is untimely. The FTCA provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). For the purposes of the FTCA, "claims accrue either at the time of injury or when the plaintiff discovered, or in the exercise of reasonable diligence should have discovered, the facts giving rise to the cause of action." *Syms v. Olin Corp.*, 408 F.3d 95, 107 (2d Cir. 2005) (citations omitted). Olivio's cause of action accrued on May 25, 2015—the date of his second transportation and injury. *See* Admin. Claim 3. Olivio filed his administrative complaint in July 2018. *See id.* 5. His FTCA claim is therefore over a year late.

While the FTCA's presentment requirement is subject to equitable tolling, *United States v. Wong*, 575 U.S. 402, 405 (2015), Olivio has not pleaded facts that support such tolling here. Equitable tolling is only appropriate in "rare and exceptional circumstance[s]." *Smith v. McGinnis*,

5

208 F.3d 13, 17 (2d Cir. 2000). That is, "a petitioner must demonstrate 'extraordinary circumstances beyond his control' that prevented him from timely filing his petition." *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011) (quoting *Baldayaque v. United States*, 338 F.3d 145, 151 (2d Cir. 2003)). The Court considers "whether the person seeking application of the equitable tolling doctrine (1) has 'acted with reasonable diligence during the time period she seeks to have tolled,' and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli-Edelglass v. N.Y.C. Transit Auth.,* 333 F.3d 74, 80-81 (2d Cir. 2003) (quoting *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 512 (2d Cir. 2002)).

While Olivio asks that the presentment period be equitably tolled because his paraplegia prevented him from initiating his claim prior to the present period's expiration, Pl.'s Mem. in Opp'n to the Mot. to Dismiss ("Pl.'s Opp'n") (Dkt. # 28) 4-5, his supporting allegations fall short. "[M]edical conditions, whether physical or psychiatric, can manifest extraordinary circumstances, depending on the facts presented." *Harper*, 648 F.3d at 137 (citations omitted). But "a petitioner must not only allege the existence of physical or mental ailments," but also must "show[] that these health problems rendered him unable to pursue his legal rights during the [relevant] time period." *Rhodes v. Senkowski*, 82 F. Supp. 2d 160, 173 (S.D.N.Y. 2000) (collecting cases). Olivio has not done so. Indeed, despite his paraplegia, Olivio was able to file an administrative complaint and a civil claim. And Olivio has not "distinguish[ed] his incapacity during the tolling period from any incapacity after it." *Viti v. Guardian Life Ins. Co. of Am*., No. 10-CIV-2908 (ALC) (MHD), 2013 WL 6500515, at *4 (S.D.N.Y. Dec. 11, 2013); *see Rios v. Mazzuca*, 78 F. App'x 742, 744 (2d Cir. 2003) (affirming denial of equitable tolling in a case in which the petitioner suffered from mental illness but "d[id] not argue that his condition abated or even improved prior to his filing a habeas petition in June 2001").

6

Olivio has failed to make additional allegations that show extraordinary circumstances prevented him from timely filing—when considered independently or in combination with his paraplegia. Olivio alleges that he was transferred to other hospitals or facilities while the limitations period was running. Pl.'s Opp'n 4-5. But "[i]t is well established that 'transfers between prison facilities . . . do not qualify as extraordinary circumstances.'" *United States v. Peterson*, No. 04-CR-752 (DC), 2010 WL 11677663, at *3 (S.D.N.Y. July 29, 2010) (quoting *Muller v. Grenier*, No. 03-CV-1844 (SAS), 2004 WL 97687 at *3 (S.D.N.Y. Jan. 20, 2004) (citation omitted)); *Corrigan v. Barbery*, 371 F. Supp. 2d 325, 330 (W.D.N.Y. 2005); *Amante v. Walker*, 268 F.Supp.2d 154, 158 (E.D.N.Y. 2003); *Lindo v. Lefever*, 193 F.Supp.2d 659, 663 (E.D.N.Y. 2002).

Olivio next alleges that he was unable to timely file because he suffered from chronic back pain. Pl.'s Opp'n 4-5. But Olivio does not explain how the pain stood in the way of his ability to make a timely claim. Courts routinely find such vague allegations of pain and injury insufficient to establish extraordinary circumstances. *See, e.g.*, *Montgomery v. Comm'n of Soc. Sec.*, 403 F. Supp. 3d 331, 338 (S.D.N.Y. 2018) ("Circumstances that have not justified equitable tolling include, for example, where the claimant asserted . . . that she was . . . "in pain[.]") (quoting *Twumwaa v. Colvin*, No. 13-CV-5858 (AT) (JLC), 2014 WL 1928381, at *4 (S.D.N.Y. May 14, 2014)); *Rodriguez v. Ercole*, No. 08-CV-3745 (NG), 2010 WL 4669919, at *9 (E.D.N.Y. Aug. 2, 2010) ("[E]ven assuming arguendo the veracity of petitioner's . . . allegations of headaches and back and neck pain, petitioner has not demonstrated an inability to function throughout the entire limitations period."), *report and recommendation adopted*, 2010 WL 4672074 (E.D.N.Y. Nov. 10, 2010). Moreover, Olivio states that he currently suffers from chronic back pain. Pl.'s Opp'n 5. Yet, again, despite this pain, Olivio managed to file a civil complaint and an administrative claim.

Finally, Olivio alleges that he was unable to timely file because of surgeries and hospitalization. *Id.* at 4-5. But he has not offered a particularized account of how his surgeries and hospitalization rendered him unable to file a claim in the statutorily specified time. Nowhere does Olivio explain how long his surgeries lasted, what he had to do to recover, or why he couldn't pursue his rights during his hospitalization. *See Rhodes*, 82 F. Supp. 2d at 173. More fundamentally, Olivio's claim would be time-barred even if the presentment period was tolled for the entirety of Olivio's time in medical care. In his administrative claim, Olivio stated that his first surgery occurred on October 9, 2016, and he was released from the medical unit in September 2017. Admin. Claim 3-4. So even if Olivio was unable to pursue his rights while in the medical unit—a proposition that is far from clear—the presentment period would only be tolled for eleven months. Olivio's administrative claim would have been untimely even with eleven months of tolling. *See Harper*, 648 F.3d at 137 ("A court may conclude that [] causation is lacking where the identified extraordinary circumstances arose and concluded early within the limitations period."); *Rhodes*, 82 F. Supp. 2d at 170 ("[E]ven if [plaintiff] was incapacitated during these three hospitalizations, [he] still had many months . . . in which to prepare his petition[.]") (collecting cases).

Accordingly, Olivio has failed to demonstrate that extraordinary circumstances tolled the presentment period long enough to render his claim timely. Olivio's FTCA claim is therefore dismissed.

### II.   Olivio's *Bivens* Claims Are Dismissed.

Olivio has not adequately pleaded a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). That case permits some lawsuits against federal officers for constitutional violations even in the absence of a statute creating a damages

8

remedy. *See Carlson v. Green*, 446 U.S. 14, 18 (1980). But as this Court explained in dismissing Olivio's first amended complaint, *Bivens* claims may be brought only against individuals who are personally responsible for an alleged deprivation of constitutional rights. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994). A defendant is personally responsible for an Eighth Amendment violation only if he acts with "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Deliberate indifference requires that a defendant know of, and disregard, a substantial risk of harm to a prisoner's health. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Such indifference exists only if the defendant was aware of facts from which he could infer that "a substantial risk of serious harm" existed, and that the defendant in fact made that inference. *Ibid.*

Olivio has not pleaded facts supporting an inference that the three prison officials he is seeking to sue knew of yet disregarded a substantial risk of harm to his health. Although the order dismissing Olivio's prior complaint explained that a second amended complaint must describe "what each individual defendant 'did or failed to do, and how each defendant's act or omission caused him injury,'" Mem. & Order 5, Olivio has failed to include specific, plausible allegations about the three officials he is seeking to sue. In particular, Olivio fails to include specific allegations supporting his claim that those three defendants—the central office medical designator in Washington, D.C., the chief of health programs in Washington, D.C., and an MDC "P.A." whose role Olivio does not further explain—"knew of his urgent medical needs but ignored them." Second Am. Compl. 2. While Olivio alleges that he "appeal[ed] for specialized transportation" from the MDC, *id.* at 3, he does not identify the individual to whom he made that request, and "has provided no factual basis that would allow [the Court] to infer [the request's] receipt" by the three individual defendants. *Darby v. Greenman*, 14 F.4th 124, 131 (2d Cir. 2021). He has also failed to plausibly allege other facts supporting the inference that those defendants knew of, and

9

disregarded, a substantial risk of harm to him in connection with transportation to and from the MDC.

Olivio also "argues that although the defendant[]s did not directly order his transfer," they are liable under *Bivens* because "they were responsible as supervisors for formulating, adopting, and reviewing policies relating to the medical care of inmates." Second Am. Compl. 2. But "there is no special rule for supervisory liability" under *Bivens*; a plaintiff seeking to hold a supervisor liable must demonstrate that the supervisor directly violated his constitutional rights. *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020). Accordingly, Olivio cannot state a claim on a supervision theory without adequately pleading that each individual defendant acted with deliberate indifference to his serious medical needs, as discussed above.

## CONCLUSION

Because Olivio's most recent complaint provided greater factual detail regarding his claims, he is granted leave to file a final amended complaint remedying the deficiencies noted in this order. Olivio has thirty days to file a revised complaint. The new complaint must be captioned "Third Amended Complaint" and bear the same docket number as this Order. The complaint must, at a minimum, clarify what each individual did or failed to do that violated Olivio's constitutional rights. If Olivio does not file a Third Amendment Complaint within thirty days, judgment shall be entered dismissing the case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any

appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                         */s/ Rachel Kovner*
                                         RACHEL P. KOVNER
                                         United States District Judge

Dated: February 10, 2022
       Brooklyn, New York